[No. 4250.]

BARTHOLOMEW v. YANKEE.

**Appellate Practice—Instructions—Taking Question from Jury—Harmless Error.**

In an action upon notes and accounts for money loaned where defendant answered by a counter-claim in which he set out certain alleged unjust charges for office rent, livery and express, and it appears that plaintiff and not defendant paid the alleged wrongful charges, and the theory upon which defendant claimed an offset for said charges was that his dividends from a mine were thereby reduced, and it further appeared that defendant would not have been entitled to any dividend even if these alleged wrongful charges had not been made, an instruction which took from the jury the consideration of said offset was not prejudicial error.

*Appeal from the District Court of Arapahoe County.*

Messrs. THOMAS BRYANT AND LEE, for appellant.

Mr. C. J. HUGHES, Jr., for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

Suit was brought by W. H. Yankee, the plaintiff (appellee here), upon certain promissory notes

set out in the complaint and upon an account for money's loaned. The defendant answered and filed a counter-claim and cross-complaint. The trial resulted in a verdict for the plaintiff in the sum of $2,856.62, and judgment was entered against the defendant for the amount of the verdict. From the judgment the defendant has appealed to this court.

Although many errors are assigned, the only one mentioned in the brief is that which alleges that by an instruction, which is set out in the brief, the court improperly took from the jury the consideration of certain charges for ''office rent, livery, and express.'' The only statement or argument on the subject is as follows: ''The jury, not the court, should have determined whether the items mentioned, which amounted to more than one thousand dollars, were proper charges as against the appellant under the contract, and for this reason we respectfully submit that the case should be reversed, and remanded for a new trial.'' Counsel have not favored us with an argument upon the subject of this alleged error, and the mere statement of the objection to the instruction does not show that error prejudicial to the defendant has been committed. A folio from the testimony is set forth in the brief. From it we learn that one of the defendant's witnesses denied that the charges mentioned were properly made, and stated facts tending to support the denial. If there were no other facts before us, we might be led to reaffirm the rule, so often announced, that ''It is the province of the jury to pass upon questions of fact, and it is error for the court to decide upon the weight of the evidence and withdraw an issue from the consideration of the jury,'' and reverse the case; but we are advised by the brief of appellee that the alleged wrongful charges were paid by the appellee, and not by the appellant, and that the appellant was not injured

thereby; that the theory upon which the appellant claimed to offset these charges was that by being charged with the sums of money for office rent, etc., the appellant's dividends from a mine were thereby reduced; that the evidence clearly shows that the appellant would not have been entitled to dividends even had these alleged wrongful charges not been made, and that from the undisputed and uncontradicted testimony, the jury rightly found that the appellee was not entitled to offset the alleged wrongful charges. The appellant has not filed a reply brief nor questioned the statements, and we shall accept the statement in the brief of the appellee as being correct. It follows therefore, even if we were to regard the giving of the instruction as erroneous, that it was not prejudicial error.

The appellant having waived all other assignments of error by not discussing them, the judgment is affirmed.　　　　　　　　　　　　　*Affirmed.*