[No. 2228.]

## HART v. PEET.

**Appellate Practice—Abstract of Record—Replevin—Chattel Mortgages.**

On appeal from a judgment against the plaintiff in an action of replevin to recover possession of certain property under a chattel mortgage, where it appeared that the action was brought prior to the maturity of the note secured by the chattel mortgage and appellant's abstract contained neither the chattel mortgage, note or affidavit in replevin, nor anything showing what property was mentioned in the chattel mortgage or what condition had been broken, and in appellee's brief it was stated and not controverted by appellant that there was no evidence or contention in the trial court that any condition of the mortgage had been broken, also that it did not appear that the property in controversy was embraced in the mortgage or was the property of the mortgagor, the judgment must be affirmed.

*Appeal from the County Court of Pueblo County.*

Mr. W. B. McNEEL, for appellant.

Mr. H. P. VORIES, for appellee.

THOMSON, J.

We are informed by the brief of counsel for the appellant that this suit was commenced before a justice of the peace; that it was replevin for two rifles which the plaintiff—appellant here—claimed by virtue of a chattel mortgage securing a promissory note executed by the husband of the defendant, L. R. Peet; and that default having been made in the payment of the note, the plaintiff secured possession without suit of all the mortgaged property except the two rifles. No mortgage, note or affidavit in replevin, or in fact any part of the record, is found in the abstract furnished by the plaintiff. A supplemental abstract prepared for the defendant, sets forth a note dated September 15, 1897, for $300, due six months after date, payable to Henry W. Hart, and signed L. R. Peet. We assume this to be the note referred to

in the brief for the plaintiff. This note by its terms matured on the 15th day of March, 1898. The appellant's abstract advises us that this suit was commenced on the 28th day of January, 1898. At that time the note had not matured, and no right of action had accrued to the plaintiff, unless by virtue of some special provision contained in the mortgage. But the plaintiff has not seen fit to lay that instrument before us, and we do not know what its provisions were. For the same reason we do not know whether two rifles, or any rifles, were mentioned in it; and, indeed, except by a statement in the plaintiff's brief, we are nowhere informed what property was the subject of this controversy.

Counsel for the appellee says in his brief that there was no evidence or contention in the trial court that any of the conditions of the mortgage had been broken. He says also that it did not appear that the articles taken by the writ were embraced in the mortgage, or were the property of the defendant's husband, L. R. Peet. In behalf of the appellant, neither of these statements is controverted. The failure to controvert admits them, and the admission disposes of the case.—See *Bartholemew v. Yankee,* 30 Colo. 361.

Let the judgment be affirmed.        *Affirmed.*